IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN GALLAGHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-734-L-BN |
| | § | |
| DRUG ENFORCEMENT AGENCY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Ryan Gallagher filed this *pro se* action against the Drug Enforcement Agency, which appears to be the incorrectly-named United States Drug Enforcement Administration ("DEA"), and the U.S. Attorney General (the "AG"). *See* Dkt. No. 2. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The Court granted Gallagher leave to proceed *in forma pauperis*. *See* Dkt. No. 5. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Gallagher's action without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

Gallagher alleges that the DEA and the AG have violated his constitutional rights – including under the Free Exercise Clause of the First Amendment – related to his use of a controlled substance. *See generally* Dkt. No. 2. The meager factual

-1-

allegations of the complaint provide that Gallagher "was put in jail due to [laws pertaining to controlled substances] and enforcement of these Monopolies, [his] brother died due to these laws and enforcement of these Monopolies, and [Gallagher] was later subject to having property stolen and having a Narcotics Investigation opened on [him] due to these laws and enforcement of these Monopolies." *Id.* at 3; *see also id.* (alleging that defendants "[i]nterpret[ ] and ... [e]nforce[] laws which do and have operated an Unconstitutional violation of Rights, including the arrest of Plaintiff, the jailing of the Plaintiff, a Narcotics Investigation and theft of Plaintiff's property, and the death of Plaintiff's brother as well as lost a job over it due to false charges").

Although Gallagher has supplemented his complaint with hundreds of pages of attachments, including some presented through motions, *see, e.g.,* Dkt. Nos. 7-23, the most succinct statement of his claim is "that the Controlled Substances Act (CSA) is Unconstitutional As-Applied causing damage to the Plaintiff in the form of arrest, jailing, investigation, seizure, loss of family member life and the act is Dangerous on its face (Possibly Unconstitutional on its face), as well as perpetuates Monopolies or is being applied wrong by the Defendants" – the DEA and the AG. Dkt. No. 2 at 10.

## Legal Standards and Analysis

A district court is required to screen a civil action filed *in forma pauperis* and may summarily dismiss that action under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) if it presents allegations that are frivolous or that fail to state a claim, such as allegations barred by the doctrine of sovereign immunity. *See, e.g., Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (per curiam). Relatedly, federal courts

have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).

"The United States enjoys sovereign immunity from suit, meaning it cannot be sued without consent." *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017) (citations omitted). Accordingly, "[a] plaintiff may only sue the United States if a federal statute explicitly provides for a waiver of sovereign immunity." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012) ("*In re FEMA Trailer*").

The sovereign immunity of the United States extends to its agencies. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Garland v. U.S. Attorney for the N. Dist. of Tex.*, No. 3:03-cv-2658-D, 2005 WL 910605, at *2 (N.D. Tex. Apr. 20, 2005) ("United States agencies and officers are also protected by sovereign immunity." (citing *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990))). Sovereign immunity therefore extends to the DEA. *See, e.g., Richards v. Pennsylvania*, 196 F. App'x 82, 85 (3d Cir. 2006) (per curiam) (citation omitted).

As to the AG, it is not clear the capacity under which he has been sued. But, in this circuit, "[a] person's capacity need not be pled except to the extent required to show the jurisdiction of the court." *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (per curiam) (citing FED. R. CIV. P. 9(a)). Therefore, "[t]he allegations in the complaint must be examined in order to determine the nature of the plaintiff's cause of action." *Id.* (citation omitted). Here, those allegations reflect that the AG has been sued in his

official capacity.

And, because Gallagher claims that his constitutional rights have been violated under the color of federal law, he is asserting a claim for relief under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

"But even so construed, [his] constitutional claim[s] must fail: A *Bivens* action does not lie against federal agencies or the United States, which possess sovereign immunity; such actions may be brought only against named federal officers or agents in their personal capacity." *Multi Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007) (citing *Meyer*, 510 U.S. at 483-86)); *see also id.* at 1140 (noting that, under *Bivens*, "[f]ederal officers may be sued in their personal capacities for violating an individual's constitutional rights" (citation and emphasis omitted)).

Therefore, as pleaded, this action must be dismissed without prejudice as frivolous for lack of subject matter jurisdiction. *See Anderson v. Jackson State Univ.*, 675 F. App'x 461, 464 (5th Cir. 2017) (per curiam) (noting that "'dismissal for want of jurisdiction bars access to federal courts,'" "'is *res judicata* only of the lack of a federal court's power to act,'" and "'is otherwise without prejudice to the plaintiff's claims,'" which means that "'the rejected suitor may reassert his claim in any competent court'" (quoting *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348 (5th Cir. 1985))); *cf. In re FEMA Trailer*, 851 F.3d at 287 ("Waivers of sovereign immunity should be narrowly construed in favor of the United States." (citing *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 253 (5th Cir. 2006))).

## Recommendation

The Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE