IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RYAN GALLAGHER,** § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:17-CV-734-L-BN** |
| § | |
| **DRUG ENFORCEMENT AGENCY;** and § | |
| **US ATTORNEY GENERAL,** § | |
| § | |
| Defendants. § | |

## ORDER

On February 8, 2018, United States Magistrate Judge David L. Horan entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court dismiss this action without prejudice for lack of subject matter jurisdiction. On February 9, 2018, after the magistrate judge issued his Report, Plaintiff amended his pleadings to assert what appears to be a claim against Defendant Demetra Ashley in her official capacity as an executive employed by the United States Department of Justice, Drug Enforcement Agency, Diversion Control Division. Plaintiff also filed objections to the Report on February 9 and 12, 2018.

Having reviewed the pleadings, file, record in this case, and Report, and having conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, **overrules** Plaintiff's objections, and **dismisses without prejudice** this action for lack of subject matter jurisdiction. For the same reason, the court **denies without prejudice** for lack of jurisdiction the miscellaneous motions filed by Plaintiff in this case (Docs. 14-20, 29). Further,

Plaintiff's amended pleading (Doc. 28), adding Demetra Ashley as a Defendant, does not cure the jurisdictional deficiencies noted in the Report.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). The court **conclude**s that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. 24(a)(5).

**It is so ordered** this 6th day of April, 2017.

Sam A. Lindsay
United States District Judge